**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 19, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50923
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TILMON BERNARD WALKER, also known as Tilman Walker,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(EP-02-CR-1736-1-DB)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Tilmon Bernard Walker appeals his convictions for conspiring to (1) import five kilograms or more of a mixture and substance containing cocaine (Count One), (2) possess five kilograms or more of a mixture and substance containing cocaine (Count Two), and (3) transport or transfer United States currency outside the country with the intent to promote a conspiracy to import a controlled substance (Count Three). He was sentenced to concurrent terms of 262 months of imprisonment on all counts.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Walker first contends that the evidence was insufficient to sustain his conviction on Count Three. Given the evidence that Walker recruited Ricardo Valencia to participate in drug transactions and that Walker's girlfriend, Rene Miller, delivered $6,250 to Valencia in Mexico in exchange for cocaine, the evidence was sufficient to support Walker's conviction for conspiring to violate 18 U.S.C. § 1956(a)(2)(A). See United States v. Villarreal, 324 F.3d 319, 322 (5th Cir. 2003); United States v. Virgen-Moreno, 265 F.3d 276, 284 (5th Cir. 2001).

Walker next asserts that the district court violated his right to counsel by striking a post-trial motion for acquittal. Walker concedes that the attorneys who filed the motion had not enrolled as his counsel, and the record reflects that Walker was at all time represented by counsel. Accordingly, we reject Walker's contention that the district court abridged his right to counsel by striking the motion. See United States v. Taylor, 933 F.2d 307, 311 (5th Cir. 1991).

Relying on Blakely v. Washington, 124 S. Ct. 2531 (2004), Walker argues that the district court violated the Sixth Amendment by failing to submit the question of various sentence-enhancing determinations to the jury. Walker filed his brief prior to the decision in United States v. Booker, 125 S. Ct. 738, 749-50 (2005), in which the Supreme Court held that the system of enhancements established by the United States Sentencing Guidelines ("U.S.S.G.") violates the Sixth Amendment as construed in Blakely. As Walker did

not raise this issue in the district court, however, we review it for plain error only.  See United States v. Mares, ___ F.3d ___ (5th Cir. 2005), 2005 WL 503715 *7.  A review of the record reveals no indication that the district court would have imposed a shorter sentence had it been sentencing under the Booker advisory regime rather than the pre-Booker mandatory regime.  As Walker cannot demonstrate that his substantial rights were affected, he cannot satisfy the plain error standard.  See id. at *8.

Walker argues next that the district court erred in increasing his offense level by four under U.S.S.G. § 3B1.1(a) for being a leader or organizer of the offense.  The evidence adduced at trial shows that Walker recruited accomplices, made decisions regarding the criminal activity, exercised authority over others, and claimed the profits of the cocaine transactions.  The finding that Walker was a leader or organizer is plausible in light of the record as a whole, so the district court did not err —— plainly or clearly —— in increasing Walker's offense level by four levels under U.S.S.G. § 3B1.1(a).  See United States v. Cluck, 143 F.3d 174, 180 (5th Cir. 1998).

The judgment of the district court is
AFFIRMED.